# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

JOSE      FRANCISCO      ALVARADO
CASTILLO, et al.,

     Plaintiffs,

   v.

SHIPPENSBURG              URBAN
DEVELOPERS, INC., et al.,

     Defendants.

CIVIL ACTION NO. 1:19-CV-02236

(CONNER, J.)
(MEHALCHICK, M.J.)

## MEMORANDUM

Presently before the Court is a motion to compel discovery and a motion for extension of time to complete discovery filed by Defendant the United States. (Doc. 94; Doc. 96). On June 30, 2022, the parties participated in a telephonic discovery conference with the undersigned United States Magistrate Judge following a letter filed with the Court by the United States, in which the United States complained about the manner in which Shippensburg Urban Developers, Inc. ("SUD"), Frontier Custom Homes, LLC ("Frontier") (collectively, "Defendants"), and related third-party deponents were responding to subpoenas and notices concerning the scheduling of depositions. (Doc. 80; Doc. 91). Following the June 30, 2022, discovery conference, the undersigned directed the United States to file a motion to compel to which Defendants hereby respond. (Doc. 92). For the following reasons, the United States' motions shall be **GRANTED in part** and **DENIED in part**. (Doc. 94; Doc. 96).

I.  <u>BACKGROUND AND PROCEDURAL HISTORY</u>

On December 3, 2019, Jose Francisco Alvarado Castillo and Maria Maribel Alvarado ("Plaintiffs") initiated this action by filing a complaint in the Court of Common Pleas of Franklin County against the United States of America and SUD, seeking to establish equitable

title to certain real property on which the United States claims federal tax liens. (Doc. 1-2). On December 31, 2019, the United States removed this action to the United States District Court for the Middle District of Pennsylvania. (Doc. 1). On July 10, 2020, Plaintiffs filed the amended complaint, naming as additional defendant Frontier. (Doc. 17). On October 20, 2020, the parties filed a stipulation with the Court stating that Plaintiffs received a refinancing approval loan from Fulton Bank in the amount of $224,000.00 for the subject property and that, upon disbursement of the required funds to the escrow agent, the United States agreed to discharge the federal liens at issue in this suit. (Doc. 38, ¶¶ 4-10). In addition, Plaintiffs agreed to release all defendants from any cause of action or claim and defendants agreed to release from any cause of action or claim. (Doc. 38, ¶¶ 11-12). On October 27, 2020, the Court approved the parties' stipulation, retaining jurisdiction with respect to the disputes between Defendants the United States, SUD, and Frontier regarding the distribution of the funds. (Doc. 40, at 2). On February 12, 2021, the Court granted the parties' joint motion to dismiss Plaintiffs from this action as the conditions necessary for Plaintiffs' release and dismissal from this action have been satisfied. (Doc. 46).

This matter arises from federal tax liens naming SUD as an alter ego/nominee of Troy A. Beam, and a lease-purchase agreement alleged to have been entered between SUD and Plaintiffs for real property. (Doc. 17). As part of the lease-purchase agreement, temporary financing was provided by Frontier, which is also alleged to be an alter ego/nominee of Beam. (Doc. 17, ¶¶ 19-20; Doc. 25, ¶ 46). Frontier has allegedly transferred large amounts of money to another third-party corporation, Trinity Housing, Inc. ("Trinity"). (Doc. 95, at 2). Among other things, Troy Beam has held himself out as the president of SUD and Frontier. (Doc. 17, ¶ 13). In an effort to gather information, the United States issued a subpoena to Troy Beam

on December 14, 2021, under Fed. R. Civ. P. 45, for deposition testimony and for the production of documents at the deposition, which culminated in a motion for contempt. (Doc. 61-1; Doc. 61-2; Doc. 62). On April 20, 2022, the Court granted in part and denied in part the United States' motion for contempt, directing Troy Beam to appear for a newly scheduled deposition and produce relevant documents. (Doc. 62). Further dilatory conduct by SUD and Frontier has required to intervene and direct responses to discovery. (Doc. 80; Doc. 85).

The virtual depositions of SUD and third parties Trinity, Debbie Beam, Tiffany Beam, and Trevor Beam were previously scheduled, after corresponding notices and subpoenas were served, for May 26, 2022 (SUD and Debbie Beam), June 1, 2022 (Tiffany Beam), and June 3, 2022 (Trinity and Trevor Beam). The deposition of Trevor Beam occurred on the scheduled date, but the deposition was interrupted by technical difficulties. (Doc. 95, at 5). The deposition of Tiffany Beam did not occur on June 1, 2022, because the Rule 30(b)(6) deposition of Frontier, for which Debbie Beam was the 30(b)(6) representative, that same morning ran long. (Doc. 95, at 5). The Rule 30(b)(6) deposition of Trinity did not occur on June 3, 3033, because counsel for Trinity notified the United States that the representative for Trinity was sick the morning of the deposition. (Doc. 94-6, at 6; Doc. 95, at 5). At the Rule 30(b)(6) deposition of Frontier on June 1, 2022, counsel for Frontier objected to topic 12, on how Frontier's attorneys are paid, as privileged. (Doc. 94-7, ¶ 12; Doc. 94-8, at 4-8; Doc. 95, at 6).

On June 24, 2022, the United States filed a letter with the Court, complaining about the manner in which Defendants were responding to subpoenas and notices concerning the scheduling of depositions. (Doc. 81). On June 30, 2022, the parties participated in a telephonic discovery conference with the undersigned to discuss (1) the failure of SUD, Trinity, Tiffany

Beam, and Trevor Beam to provide dates for their depositions; and (2) Frontier's assertions of privilege over how its attorneys are paid, including identification of the bank account(s) or financial institution(s) from which funds are drawn. (Doc. 91). On July 1, 2022, the undersigned entered an order permitting the United States to move to compel. (Doc. 92).

On July 15, 2022, the United States filed the motion to compel, as well as a brief in support of that motion. (Doc. 94; Doc. 95). On July 20, 2022, the United States filed a motion for an extension of time to complete discovery. (Doc. 96). On August 5, 2022, Defendants filed a brief in opposition to the motion to compel. (Doc. 101). On August 12, 2022, the United States filed a reply brief to the motion to compel. (Doc. 102).

II.   **STANDARD OF REVIEW**

Rulings regarding the proper scope of discovery are matters consigned to the court's discretion and judgment. A court's decisions regarding the conduct of discovery will be disturbed only upon a showing of abuse of that discretion. *Marroquin-Manriquez v. I.N.S.*, 699 F.2d 129, 134 (3d Cir. 1983). This far-reaching discretion also extends to rulings by United States Magistrate Judges on discovery matters. In this regard:

> District courts provide magistrate judges with particularly broad discretion in resolving discovery disputes. *See Farmers & Merchs. Nat'l Bank v. San Clemente Fin. Group Sec., Inc.,* 174 F.R.D. 572, 585 (D.N.J. 1997). When a magistrate judge's decision involves a discretionary [discovery] matter . . . , "courts in this district have determined that the clearly erroneous standard implicitly becomes an abuse of discretion standard." *Saldi v. Paul Revere Life Ins. Co.*, 224 F.R.D. 169, 174 (E.D. Pa. 2004) (citing *Scott Paper Co. v. United States*, 943 F. Supp. 501, 502 (E.D. Pa. 1996)). Under the standard, a magistrate judge's discovery ruling "is entitled to great deference and is reversible only for abuse of discretion." *Kresefky v. Panasonic Commc'ns and Sys. Co.*, 169 F.R.D. 54, 64 (D.N.J. 1996); *see also Hasbrouck v. BankAmerica Hous. Servs.*, 190 F.R.D. 42, 44-45 (N.D.N.Y. 1999) (holding that discovery rulings are reviewed under abuse of discretion standard rather than de novo standard); *EEOC v. Mr. Gold, Inc.*, 223 F.R.D. 100, 102 (E.D.N.Y. 2004) (holding that a magistrate judge's resolution of discovery disputes deserves substantial deference and should be reversed only if there is an abuse of discretion).

- 4 -

*Halsey v. Pfeiffer*, No. 09-1138, 2010 WL 2735702, at *1 (D.N.J. Sept. 27, 2010).

The exercise of this discretion is guided, however, by certain basic principles. At the outset, Rule 26(b) of the Federal Rules of Civil Procedure generally defines the scope of discovery permitted in a civil action, prescribes certain limits to that discovery, and provides as follows:

> (b) Discovery Scope and Limits.
>
>> (1) Scope in General. Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b).

A party moving to compel discovery bears the initial burden of proving the relevance of the requested information. *Morrison v. Phila. Housing Auth.*, 203 F.R.D. 195, 196 (E.D. Pa. 2001). "Once that initial burden is met, 'the party resisting the discovery has the burden to establish the lack of relevance by demonstrating that the requested discovery (1) does not come within the broad scope of relevance as defined under Fed. R. Civ. P. 26(b)(1), or (2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure.'" *Prime Energy & Chem., LLC v. Tucker Arensberg, P.C.*, No. 2:18-CV-0345, 2022 WL 1642394, at *4 (W.D. Pa. May 24, 2022) (quoting *In re Urethane Antitrust Litig.*, 261 F.R.D. 570, 573 (D. Kan. 2009)). Likewise, "[i]n deciding whether a federal privilege against discovery exists, . . . the objecting party ha[s] the burden of establishing the privilege." *Bayges v. Se. Pennsylvania Transp. Auth.*, 144 F.R.D. 269,

271 (E.D. Pa. 1992). Indeed, because the assertion of a claim of privilege "may result in the withholding of relevant information and so may obstruct the search for truth," *In re Chevron Corp., 633 F.3d 153, 164 (3d Cir. 2011)*, it is well established that, " '[t]he burden of proving that the . . . privilege applies is placed upon the party asserting the privilege.'" *Matter of Grand Jury Empanelled February 14, 1978*, 603 F.2d 469, 474 (3d Cir. 1979) (quoting *United States v. Landof*, 591 F.2d 36, 38 (9th Cir. 1978)).

Federal Rule of Civil Procedure 37 bestows upon the court enforcement powers to ensure parties' cooperation in the discovery process, by allowing a party to move for an order compelling production of documents. Rule 37(a) provides:

> On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.

Fed. R. Civ. P. 37(a)(1)

Motion "for an order to a nonparty must be made in the court where the discovery is or will be taken." Fed. R. Civ. P. 37(a)(2). Rule 37(a) sets forth that "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4). Once a party opposing discovery raises an objection, "the party seeking discovery must demonstrate the relevancy of the requested information." *Romero v. Allstate Ins. Co.*, 271 F.R.D. 96, 101 (E.D. Pa. 2010) (quoting *Corrigan v. Methodist Hosp.*, 158 F.R.D. 54, 57 (E.D. Pa. 1994)). The person resisting discovery must explain with specificity why discovery is inappropriate; the boilerplate litany that the discovery sought is overly broad, burdensome, oppressive, vague, or irrelevant is insufficient. *See Josephs v. Harris Corp.*, 677 F.2d 985, 991-92 (3d Cir. 1982).

III.   **DISCUSSION**

In the motion to compel, the United States seeks to compel SUD and third parties Trinity, Tiffany Beam, Debbie Beam, and Trevor Beam to appear and testify at their depositions to be scheduled at a future time. (Doc. 94; Doc. 95; Doc. 102). In opposition, Defendants argue that the motion to compel is "essentially moot" because there are two pending cases in the District Court for the Eastern District of Pennsylvania "that concern virtually identical and overlapping issues to those involved in this case." (Doc. 101, at 2). Those matters are: *Shippensburg Urban Developers, Inc. v. United States* ("*Shippensburg Urban Developers*"), Civil No. 19-4775, and *Trinity Housing, Inc. v. United States* ("*Trinity Housing*"), Civil No. 19-4976.[1] Therefore, SUD and Frontier request that the Court direct the United States to depose the parties in both this case and the related Eastern district cases in consolidated depositions. (Doc. 101, at 5).

A.   NOTICING DEPOSITIONS IN RELATED CASES

Defendants argue that the United States' efforts to depose corporate representatives and related third parties have been "in an inefficient and costly manner," as "[t]he existence multiple overlapping suits has resulted in the United States noticing, planning, and executing depositions for some of the same individuals in different cases and in different capacities." (Doc. 101, at 2-3). Defendants assert that "since the issues in this case concern facts identical to those at issue in the [Eastern District] case[s] in which SUD is a Plaintiff, there is absolutely no reason why depositions should not be consolidated and proceed in both cases at the same time." (Doc. 101, at 5). In response, the United States asserts that "[f]rom the start, the United

---

[1] These are matters of public record of which the Court may properly take judicial notice. *See Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007).

States has been agreeable to noticing each deposition across the three related cases, but the United States is entitled to a separate deposition for each capacity in which [Debbie] Beam serves: one in her individual capacity, one as the representative of Trinity, and one as the representative of SUD, for a total of three depositions." (Doc. 102, at 11). Furthermore, the United States avers "any inefficiencies throughout the depositions are largely attributed to the witnesses' own lack of cooperation or repeated assertions of the Fifth Amendment to virtually every question asked." (Doc. 102, at 2).

In the present action, Plaintiffs brought suit against the United States regarding federal tax liens naming SUD as an alter ego/nominee of Troy Beam, and a lease-purchase agreement alleged to have been entered between SUD and Plaintiffs for the subject property. (Doc. 17). In the Eastern District cases, SUD and Trinity have brought separate wrongful levy suits under 26 U.S.C. § 7426 against the United States, claiming that the Internal Revenue Service wrongfully seized their property to satisfy the unpaid federal tax liabilities of the taxpayer. *See Shippensburg Urban Developers*; *Trinity Housing*. Although Frontier is not a party in the related Eastern District cases, Defendants admit that "Frontier, like SUD, is an entity owned and operated by Debbie Beam and her children." (Doc. 101, at 5 n.4). Therefore, the above-captioned actions contain common questions of law and fact as each case involves United States federal tax liens naming SUD and Trinity.

Upon review of the parties' arguments and the issues involved in each of the related cases in this Court and the Eastern District, the Court directs the parties to notice each deposition of SUD and related-third party deponents, including Trinity, Tiffany Beam, Debbie Beam, and Trevor Beam, across the three related cases. The parties are directed to confer and submit with the Court a schedule of dates and times for all depositions that is

agreed to by all the parties. If the parties are unable to agree on a schedule, the United States may file a renewed motion to compel.

B.  DEPOSITION OF DEBBIE BEAM

The United States seeks to compel the deposition of Debbie Beam individually and as Frontier's, SUD's, and Trinity's designated Rule 30(b)(6) representative. (Doc. 94, at 3-4; Doc. 101, at 5 n.4). Defendants argue that "since Debbie Beam also serves as Frontier's corporate representative, there is no reason her deposition cannot and should not include any questions that might be unique to Frontier." (Doc. 101, at 5 n.4). In response, the United States asserts it "is entitled to a separate deposition for each capacity in which [Debbie] Beam serves: one in her individual capacity, one as the representative of Trinity, and one as the representative of SUD, for a total of three depositions." (Doc. 102, at 11). The United States contends that it is entitled to depose Debbie Beam as a representative of SUD and Trinity in three separate depositions as "at least a day will be needed for each." (Doc. 102, at 11).

The Court recognizes that the length of time for a single deposition may not be enough time to address all topics related to the three related cases and to Debbie Beam's position as the Rule 30(b)(6) representative of Frontier, SUD, and Trinity. "Courts have soundly rejected [the] argument that prior deposition testimony from individual fact witnesses relieves a corporation from designating a corporate spokesperson in response to a Rule 30(b)(6) notice of deposition . . . [and] the fact that individually named witnesses have testified concerning a subject is generally no obstacle to a 30(b)(6) deposition on the same subject." *Smith v. Gen. Mills, Inc.,* No. C2 04-705, 2006 WL 7276959, at *5 (S.D. Ohio Apr. 13, 2006); *see also Foster– Miller, Inc. v. Babcock & Wilcox Canada,* 210 F.3d 1, 17 (1st Cir. 2000); *Sabre v. First Dominion Cap., LLC.,* No. 01 CIV. 2145 (BSJ)(H, 2002 WL 31556379, at *2 (S.D.N.Y. Nov. 15, 2002)

("the fact that individually named witness have testified concerning a subject is generally no obstacle to a 30(b)(6) deposition on the same subject."). However, upon consideration of the dual interests of judicial economy and efficiency, and of the United States' Rule 30(b)(6) notices and Defendants' objections thereto, the Court declines to compel the production of Debbie Beam to appear for three separate depositions for each capacity in which she serves as the Rule 30(b)(6) representative of SUD, Trinity, and Frontier.

Accordingly, the United States' motion to compel is DENIED to the extent it seeks to have Debbie Beam appear for three separate depositions. However, the Court anticipates the deposition of Debbie Beam will take longer than the time allowed for a single deposition under the Federal Rules, given that she will be testifying in three capacities. Therefore, counsel and parties are instructed to meet and confer on a deposition structure that will allow for Debbie Beam to appear for one deposition that addresses the information sought and will likely stretch beyond the time allowed under the Federal Rules, but not require three separate appearances. At this juncture, the Court declines to make a finding of exactly how much time should be allowed for the deposition; if the parties cannot agree on a deposition structure and timing, they should contact the Court to address the same. (Doc. 94).

C.  DEPOSITIONS OF SUD, TRINITY, TIFFANY BEAM, AND TREVOR BEAM

Next, the United States moves to compel SUD, and third parties Trinity, Tiffany Beam, Trevor Beam, and Debbie Beam, as officers of SUD and Trinity, to appear and testify at their depositions to be scheduled at a future time. (Doc. 94, at 1). The United States asserts that "[b]y refusing to provide dates for their depositions, Defendant SUD, along with third parties Trinity, Tiffany Beam, and Trevor Beam (individuals who are officers of SUD and Trinity) have made it necessary for this Court to issue a discovery order compelling their

appearance and testimony." (Doc. 95, at 7-8). The United States further contends that these deponents have neither moved for a protective order, nor moved to quash the third-party subpoenas and that these deponents have no basis for refusing to provide dates for their depositions. (Doc. 95, at 8-9). In addition, the United States requests the Court compel Trevor Beam to appear for a deposition during regular business hours. (Doc. 102, at 12).

It is evident that the United States has a right to depose Rule 30(b)(6) witnesses of SUD and Frontier in an action where the corporate structure is a key element of the case. The United States likewise has the right to depose, as individuals under Rule 45, agents and members of the entities who possess factual knowledge relevant to this action, which includes Tiffany Beam, Trevor Beam, and Debbie Beam here. The United States has made multiple good faith efforts to schedule and reschedule depositions of the SUD, Frontier, and Trinity, and the third-party deponents. (Doc. 95, at 5). On multiple occasions, the deponents have canceled at the last minute or simply refused to respond to questioning at the scheduled depositions, and the deponents have further failed to provide additional dates of availability. This behavior is unacceptable. *See Shippensburg Urb. Devs. v. United States*, No. CV 19-4775, 2022 WL 2805334, at *1 (E.D. Pa. July 18, 2022). Accordingly, the United States' motion to compel is GRANTED and Defendants are directed to provide dates which they will be available to appear and to then appear and testify following the scheduling of those depositions. (Doc. 94).

In addition, the United States notes that counsel for these deponents has indicated that individual deponents may assert their Fifth Amendment right against self-incrimination. (Doc. 102, at 8). Defendants do not address a claim of Fifth Amendment privilege against self-incrimination in the brief in opposition to the motion to compel. (Doc. 101). Defendants

are reminded that privilege objections, including those falling under the Fifth Amendment, must be asserted on a question-by-question basis, and are not grounds for wholesale objections to appearing at a deposition. *Nat'l Life Ins. Co. v. Hartford Acc. & Indem. Co.*, 615 F.2d 595, 599 (3d Cir. 1980). The Fifth Amendment to the United States Constitution states, in pertinent part, that "[n]o person . . . shall be compelled in any criminal case to be a witness against himself . . . ." A person may invoke the privilege against self-incrimination in a variety of settings, including civil proceedings, at an administrative or judicial hearing, or in a setting that is investigatory or adjudicatory. *Kastigar v. United States,* 406 U.S. 441, 444–45 (1972). A person claiming a privilege under the Fifth Amendment "must be confronted by substantial and real, and not merely trifling or imaginary, hazards of incrimination." *United States v. Doe,* 465 U.S. 605, 614 n. 13 (1984) (citing *Marchetti v. United States,* 390 U.S. 39, 53 (1968)) (internal quotations omitted). Furthermore, "reliance on the Fifth Amendment in civil cases may give rise to an adverse inference against the party claiming its benefits." *S.E.C. v. Graystone Nash, Inc.*, 25 F.3d 187, 190 (3d Cir. 1994). Therefore, Defendants may not sustain the privilege where there is an imaginary or generalized concern that testifying at a deposition could incriminate them.

### D. Deposition of Frontier

Finally, the United States moves to compel the testimony of Frontier as to how its attorneys are paid and which bank account(s) or financial institution(s) funds are drawn from. (Doc. 94, at 2). The United States contends that Frontier's assertion of privilege as to how it pays its attorneys and which bank account(s) or financial institution(s) funds are drawn from is meritless because there is no attorney-client privilege concerning payment of legal fees.

(Doc. 95, at 9-10). Defendants do not address this issue in their brief in opposition. (Doc. 101).

The attorney-client privilege is meant to facilitate "full and frank communication between attorneys and their clients." *Wachtel v. Health Net, Inc.*, 482 F.3d 225, 231 (3d Cir. 2007). The privilege "recognizes that sound legal advice or advocacy serves public ends and that such advice or advocacy depends upon the lawyer's being fully informed by the client." *Upjohn v. United States,* 449 U.S. 383, 389 (1981). The privilege "applies to any communication that satisfies the following elements: it must be '(1) a communication (2) made between [the client and the attorney or his agents] (3) in confidence (4) for the purposes of obtaining or providing legal assistance for the client.'" *In re Teleglobe Communications Corp.*, 493 F.3d 345, 359 (3d Cir. 2007) (quoting the Restatement (Third) of the Law Governing Lawyers § 68 (2000)). Thus, the privilege reaches "[c]onfidential disclosures by a client to an attorney made in order to obtain legal assistance." *Fisher v. United States*, 425 U.S. 391, 403 (1976); *see also In re Ford Motor Co.*, 110 F.3d 954, 965 n.9 (3d Cir. 1997) (communication made by client and an attorney are privileged if made "for the purpose of securing legal advice."); *United States v. Amerada Hess Corp.*, 619 F.2d 980, 986 (3d Cir. 1980).

At the Rule 30(b)(6) deposition of Debbie Beam as the representative of Frontier, counsel objected to the question of how Frontier pays its attorneys and identification of the bank account(s) or financial institution(s) from which the funds are drawn, claiming that information was protected under the attorney-client privilege. (Doc. 94-8, Tr. of Debbie Beam Dep., 29:1-8, June 1, 2022). As explained *supra*, the burden of proving that a federal privilege against discovery applies is placed on the party asserting the privilege. *See Bayges*, 144 F.R.D. at 271; *Matter of Grand Jury Empanelled February 14, 1978*, 603 F.2d at 474. As Defendants do

not address the issue of asserting attorney-client privilege in their brief in opposition, they have failed to satisfy their burden to establish such privilege. Accordingly, the United States' motion to compel is GRANTED and the Court will direct Frontier to testify as to how its attorneys are paid and which bank account(s) or financial institution(s) funds are drawn from. (Doc. 94).

If counsel believes a question to be irrelevant or repetitive, the counsel may object, but the deposition must still proceed. *See* Fed. R. Civ. P. 30(c)(2) ("An objection at the time of the examination . . . must be noted on the record, but the examination still proceeds; the testimony is taken subject to any objection."). Furthermore, "[a]n objection must be stated concisely in a nonargumentative and nonsuggestive manner. A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)." Fed. R. Civ. P. 30(c)(2). Defendants and related parties must accordingly answer all questions unless necessary to preserve a privilege.

IV.    **CONCLUSION**

For the reasons stated above, the Court will deny in part Defendants' motion to compel (Doc. 94), and grant Defendants' motion to extend the time to complete discovery (Doc. 96). The United States' request to compel the production of Debbie Beam to appear for three separate depositions is denied, and counsel and parties are instructed to meet and confer on a deposition structure that will allow for Debbie Beam to appear for one deposition in the manner set forth above, and noting that the deposition is not bound by the time limitations set forth in the Federal Rules. In addition, Frontier is directed to testify as to how its attorneys are paid and which bank account(s) or financial institution(s) funds are drawn from.

The parties are directed to confer and submit with the Court a schedule of dates and times for all depositions that is agreed to by all the parties. Finally, the parties are directed to notice each deposition of SUD and related-third party deponents, including Trinity, Tiffany Beam, Debbie Beam, and Trevor Beam, for the present case and the two related Eastern District cases.

An appropriate Order follows.

BY THE COURT:

s/ Karoline Mehalchick
**KAROLINE MEHALCHICK**
**Chief United States Magistrate Judge**